```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JASON CUTLER,                      :

     Plaintiff,                    :

v.                                 :    CASE NO. 3:09-CV-1618(RNC)

THE STOP & SHOP SUPERMARKET        :
COMPANY, LLC,

     Defendant.                    :
```

RULING AND ORDER

Plaintiff Jason Cutler, a Jewish, openly gay male, brings this action against his former employer, the Stop & Shop Supermarket Company ("Stop & Shop"), claiming that he was demoted from a full-time position to a part-time position due to discrimination on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), discrimination on the basis of his sexual orientation in violation of the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. §§ 46a-60, et seq., and retaliation in violation of both statutes.  Defendant has moved for summary judgment on all the claims contending principally that a jury would have to find in its favor because the plaintiff refused to work 40 hours per week as required by his full-time position.  I agree and therefore grant the motion for summary judgment.

I.   Summary Judgment

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In seeking summary judgment, a defendant has the initial burden of showing an absence of evidence to support an essential element of the plaintiff's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  To overcome this showing, a plaintiff must point to evidence that would permit a jury to return a verdict in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  In the absence of such evidence, summary judgment will be granted, even in a discrimination case.  See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).  In determining whether summary judgment is proper, the record must be viewed in the light most favorable to the plaintiff.  See Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir. 2003).  This requires the court to resolve all ambiguities and draw all permissible inferences in favor of the plaintiff.  See Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2d Cir. 1997).  However, conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue for trial.  Shannon v. N.Y.C. Transit Aiuth., 332 F.3d 95, 99 (2d Cir. 2003).

II.  Background

    The materials cited in the parties' Local Rule 56 statements, viewed most favorably to the plaintiff, establish the following facts.  Plaintiff began working at Shop & Shop in 1992.  He became a bake shop lead clerk in 2000.  He remained in that

position until he was reduced to part-time status in early 2009. In March 2010, he voluntarily resigned his part-time position and left the company.

Starting in 2005, plaintiff worked as the bake shop lead clerk in the defendant's Ansonia store. While in that position, he was a member of the United Food and Commercial Workers Union Local 919. Under the collective bargaining agreement, he was a full-time employee, who received full-time pay and benefits. The collective bargaining agreement defined a full-time employee's work week as Monday through Saturday, five 8-hour days, for a total of 40 hours. Even though plaintiff was classified as a full-time employee, he often worked less than 40 hours a week. During the first half of 2008, he worked an average of approximately 32 hours a week.

At a meeting on June 12, 2008, the plaintiff was informed that he would have to work 40 hours a week in order to continue to receive full-time pay and benefits. In attendance at the meeting were defendant's district manager, Enzio Monaco; the manager of the Ansonia store, Armand Onorato; and a human resources representative, Julie Pinard. Plaintiff believes that another employee, Adam Major, precipitated the meeting by complaining that the plaintiff was working less than 40 hours per week. Plaintiff alleges that Major was hostile to him due to his sexual orientation.

At the meeting, Monaco told the plaintiff that he was required to work 40 hours a week to remain in his position. Plaintiff responded that he would work 40 hours a week when everyone else in the store did the same.  Plaintiff was given an opportunity to name other employees working less than 40 hours a week but he refused.

After the meeting of June 12, 2008, plaintiff complained to his union representative about having to work 40 hours a week but the union took no action.  On December 3, 2008, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging discrimination based on religion and sexual orientation.  The complaint was dismissed.

In January 2009, Onorato told the plaintiff that he had to work 40 hours a week.  Plaintiff refused.  Onorato suspended the plaintiff, pending termination, for insubordination.  The suspension lasted less than 24 hours.  In February 2009, plaintiff became a part-time employee.  Approximately one year later, he resigned.  He does not claim that his decision to resign was a result of discrimination.

III.  Discussion

   A.  Discrimination

Plaintiff claims that he was demoted from a full-time position to a part-time position as a result of discrimination in violation of Title VII and the CFEPA.  Claims under these

statutes are analyzed using the three-step burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  See White v. Conn. Dep't of Children and Families, 330 F. App'x 7, 9 (2d Cir. 2009)(Title VII and CFEPA claims both employ same burden-shifting analysis).  At step one of this framework, the plaintiff must establish a prima facie case of discrimination by showing that he (1) is a member of a protected class, (2) was qualified for the position, and (3) suffered a materially adverse employment action, (4) in circumstances giving rise to an inference of discriminatory intent.  See Ruiz v. County of Rockland, 609 F.3d 486, 492-93 (2d Cir. 2010); Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008).  If this showing is made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action.  See Estate of Hamilton v. City of New York, 627 F.3d 50, 55 (2d Cir. 2010)(per curiam).  The plaintiff then has the burden of pointing to evidence that the proffered reason is a pretext for discrimination.  Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010).  "The plaintiff should show '*both* that the [proffered] reason was false, *and* that discrimination was the real reason' for the adverse employment action."  Roncallo v. Sikorsky Aircraft, 447 F. App'x 243, 245 (2d Cir. 2011)(quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).  Ultimately, plaintiff must prove that he would

have remained in his full-time position but for discrimination. See Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2350 (2009).

    1.  Prima Facie Case

The Second Circuit has frequently stated that the burden of establishing a prima facie case of discrimination is "minimal." See McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001). But a plaintiff is still obliged to present at least some evidence to support each element of a prima facie case. Here, plaintiff lacks evidence to support the third and fourth elements requiring proof of an adverse employment action occurring in circumstances permitting a reasonable inference of discrimination.

    a.  Adverse Employment Action

In discrimination cases, the plaintiff's burden of showing that he suffered an adverse employment action requires him to present evidence that he was subjected to a materially adverse change in the terms and conditions of his employment. See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 128 (2d Cir. 2004)(Title VII claim). Plaintiff claims that when he moved from full- to part-time in February 2009, he suffered a demotion and significant reduction in pay.[1] A demotion coupled with a large

---

[1] Plaintiff claims that his suspension in January 2009 also provides a basis for a discrimination claim. I disagree. It is undisputed that less than 24 hours after plaintiff was suspended,

pay cut undoubtedly constitutes an adverse employment action. See Williams, 368 F.3d at 128 (adverse employment action may include demotion evidenced by decrease in pay).  But the defendant's insistence that the plaintiff work 40 hours a week to retain his position, pay and benefits as a full-time employee did not constitute a change in the terms or conditions of plaintiff's employment.  The 40-hour rule was in the collective bargaining agreement at all times.  Moreover, plaintiff admitted at his deposition that he stepped down from his full-time position as a manager to become a part-time employee because he did not want to work 40 hours a week.

    b.   Reasonable Inference of Discrimination

    Even assuming plaintiff could prove that he suffered an adverse employment action when he was required to work 40 hours a week to retain his full-time position, pay and benefits, the evidence in the summary judgment record would not permit a jury to reasonably infer that the defendant's action was motivated by discrimination.  Plaintiff contends that he was similarly situated to, and treated less favorably than, several co-workers. A plaintiff may raise a reasonable inference of discrimination by

---

he returned to the same job with no change in pay, benefits, or responsibility.  Accordingly, the suspension did not constitute an adverse employment action as a matter of law.  See Dobrynio v. Cent. Hudson Gas & Elec. Corp., 419 F.Supp.2d 557, 564 (S.D.N.Y. 2006)(claim that one-day suspension violated the ADEA dismissed because suspension did not constitute an adverse employment action).

showing that his employer "treated him less favorably than a similarly situated employee outside his protected group." <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 39 (2d Cir. 2000).  Plaintiff's claim is unavailing, however, because he cannot make the required showing.[2]

To be similarly situated, an alleged comparator need not be identical to the plaintiff but must be similarly situated in all material respects.  <u>See</u> <u>McGuinness</u>, 263 F.3d at 53.  In other words, the comparators "must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination."  <u>Id.</u> at 54.  Thus, when a claim is related to discipline, the conduct of the comparable employee must be shown to be similarly serious.  <u>See</u> <u>Ruiz</u>, 609 F.3d at 494; <u>Slattery v. Swiss Reinsurance Am. Corp.</u>, 248 F.3d 87, 94 (2d Cir. 2001).

Here, the evidence does not support a finding that the plaintiff was similarly situated to the co-workers he has named as comparators.  The parties agree that all the employees named by the plaintiff as working fewer than 40 hours a week actually worked an average of 40 or more hours in each seven-day week.

---

[2] "Whether two employees are similarly situated ordinarily presents a question of fact for the jury."  <u>Id.</u>  But if the evidence would not support a finding that the plaintiff and his comparators were similarly situated, summary judgment may be granted.  <u>See, e.g.</u>, <u>Woods v. Newburgh Enlarged City Sch. Dist.</u>, 288 F. App'x 757, 760 (2d Cir. 2008).

The evidence in the record, viewed most favorably to the plaintiff, shows that he worked significantly fewer hours.  On this record, a jury could not reasonably infer that the plaintiff was singled out for disadvantageous treatment because of discrimination.

    2.  Pretext

Plaintiff's discrimination claim fails in any event because he cannot sustain his ultimate burden of proving that the employer's stated reason for its action was a pretext for discrimination.  In response to plaintiff's claim, the defendant has stated that the collective bargaining agreement required full-time employees to work 40 hours per week.  It is undisputed that plaintiff was paid as a full-time employee yet worked fewer than 40 hours a week.  For the first 23 weeks of 2008, he worked an average of 32.25 hours a week.  It is also undisputed that when plaintiff was ordered to work 40 hours a week to continue in his full-time position, he refused.

To avoid summary judgment, the plaintiff must point to evidence permitting a finding that the defendant's explanation for its action was a pretext for discrimination.  The issue at this stage of the analysis is whether the evidence, taken as a whole, is sufficient to support a reasonable inference that prohibited discrimination occurred.  Factors to consider include the strength of the plaintiff's prima facie case, the probative

value of evidence that the employer's explanation is false, and any other relevant evidence. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148-49 (2000); Schnabel v. Abramson, 232 F.3d 83, 89 (2d Cir. 2000)(finding that Reeves applies to motion for summary judgment).

Here, no reasonable juror could infer that prohibited discrimination occurred.  Plaintiff's prima facie case is weak at best and defendant's explanation for its action is strongly supported by the evidence.  Plaintiff has failed to adduce sufficient evidence from which a jury could infer either that the defendant's explanation is false or that discrimination was the real reason for the defendant's action.  Summary judgment is therefore appropriate on the discrimination claim.

B.  Retaliation

Plaintiff also claims that he was required to work 40 hours a week to retain his full-time position, pay and benefits in retaliation for filing his CHRO complaint.  This claim is analyzed using a similar three-step burden shifting framework. See Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010). To establish a prima facie case of retaliation, the plaintiff must establish that (1) he participated in protected activity; (2) the employer knew about the protected activity; (3) the employer took adverse action against him; (4) and a causal connection existed between the protected activity and the adverse

action.  Mack v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003).  If this showing is made, the employer must provide a legitimate, nonretaliatory reason for the adverse action.  The burden then shifts to the plaintiff to prove that the adverse action was motivated by retaliation.  See Tepperwein v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 n.6 (2d Cir. 2011).

I conclude that summary judgment is proper on the retaliation claim as well.  Title VII's antiretaliation provision applies to employer actions that are materially adverse.  "Material adversity is to be determined objectively, based on the reactions of a reasonable employee."  Id. at 568.  As discussed above, the defendant's insistence that the plaintiff work 40 hours a week to continue as a full-time employee did not constitute a change in the terms and conditions of his employment, and he testified that he decided to move to part-time because he did not want to work full-time.

Moreover, the evidence does not permit a jury to reasonably infer that defendant's explanation for its action was a pretext for retaliation.  It is undisputed that at the meeting on June 12, 2008, approximately six months before the plaintiff filed his CHRO complaint, the defendant's district manager informed the plaintiff that he would have to work 40 hours a week if he wanted to retain his full-time position, pay and benefits.  The defendant's insistence that plaintiff work 40 hours a week was

entirely reasonable in light of the terms of the collective bargaining agreement.  The defendant did not alter its position before plaintiff filed the CHRO complaint in December 2008, as evidenced by the very fact that the complaint was filed.  The defendant's continued insistence in January 2009, after the plaintiff filed his CHRO complaint, that he must work 40 hours to retain his full-time position, pay and benefits, does not provide a basis for a retaliation claim.

IV.  Conclusion

Accordingly, the motion for summary judgment (doc. 28) is hereby granted.  The Clerk may close the file.

So ordered this 31st day of March 2012.

/s/ RNC
Robert N. Chatigny
United States District Judge
